Ralph D. WILSON, Plaintiff,

v.

CINCINNATI REGAL S.I., L.L.C. d/b/a Regal Cincinnati Hotel, Regal Hotel Management, Inc., The Association of Programs for Rural Independent Living, and Millennium Hotels and Resorts, Defendants.

No. Civ.A. G–01–667.

United States District Court, S.D. Texas, Galveston Division.

Jan. 11, 2002.

Brett S. Thomas, Bush, Lewis and Roebuck, Beaumont, TX, for plaintiff.

Karen R. Bennett, Germer, Bernsen & Gertz, Beaumont, TX, for Cincinnati Regal S.I., L.L.C., Regal Hotel Management, Inc. and Millennium Hotels and Resorts.

Lauren S. Mattiuzzi, Law Office of Samuel E. Dunn, Houston, TX, for Association of Programs for Rural Independent Living.

## SUA SPONTE ORDER OF TRANSFER

KENT, District Judge.

This is a negligence action brought on the basis of diversity wherein Plaintiff Ralph D. Wilson ("Wilson") claims that he was seriously and permanently injured while attempting to transfer himself from his wheelchair to the shower during his stay at the Regal Cincinnati Hotel ("Regal Cincinnati") in Cincinnati, Ohio. Wilson, a paraplegic and resident of Clute, Texas, avers that he traveled to Cincinnati and sought accommodations at the Regal Cincinnati for the purpose of attending a conference sponsored by The Association of Programs for Rural Independent Living ("APRIL") in October of 1999. Despite repeated requests to the Regal Cincinnati and APRIL for the provision of special accommodations for his physical handicap, Wilson alleges that no such accommodations were made. Instead, Wilson claims that he was given a wholly inadequate hard plastic shower stool for hoisting himself into the shower, the use of which ultimately resulted in his present injuries. On October 22, 2001, Wilson filed this lawsuit against Cincinnati Regal S.I., L.L.C. d/b/a Regal Cincinnati Hotel, Regal Hotel Management, Inc., APRIL, and Millennium Hotels and Resorts (collectively "Defendants"), alleging a solitary cause of action for negligence. On November 13, 2001, Defendants Cincinnati Regal S.I.,

L.L.C., d/b/a Regal Cincinnati Hotel, Hotel Management, Inc., and Millennium Hotels and Resorts (collectively "the Hotel Defendants"), filed a Motion to Dismiss for Improper Venue, or in the alternative, a Motion to Transfer Venue. In response, Plaintiff filed a Motion for Leave to File a First Amended Complaint to cure its alleged venue defects, to which the Hotel Defendants have filed a Response.

The Court notes at the outset that the Parties' Motions are woefully insubstantial. The Hotel Defendants' Motion to Dismiss for Improper Venue literally consists of a *one*-paragraph argument contained within a two-page Motion that does not even address the proper venue provision applying to diversity actions. Plaintiff's Response is equally superficial, but more likely due to a lack of discovery. However, notwithstanding these manifest deficiencies, the Court finds it unnecessary to treat the particulars of the pleadings since the venue inquiry is *so* remarkably clear in the instant case, and will rather act sua sponte. Plaintiff himself avers that he traveled to Cincinnati, Ohio to attend a conference; that he made the vast majority of his requests for special accommodations to hotel personnel in Cincinnati, Ohio; that all of the improper acts alleged of Defendants occurred in Cincinnati, Ohio; that the alleged accident occurred in a hotel room in Cincinnati, Ohio; and that he sustained all of his injuries and initial medical treatment in Cincinnati, Ohio. Although the Court deeply sympathizes with Plaintiff's unfortunate circumstances, and regards Plaintiff's case with the utmost seriousness, it is patently obvious to this Court that Plaintiff's suit should be adjudicated at or near the place where the alleged accident and consequent injuries occurred. Not only are *all* of the relevant fact witnesses (except Plaintiff) and evidence located in Ohio, but with the sole exception of Plaintiff's residency in Texas, this case has absolutely *no* connection with the Galveston Division of the Southern District of Texas.

In the last several years, this Court has encountered more than a few lawsuits similar to the instant one. A Plaintiff will incur an injury in a completely different jurisdiction while on a cruise, a business trip, or some other excursion, such that *all* of the fact witnesses (save Plaintiff) and evidence are located elsewhere, then file suit in this Court evincing no other connection to the Southern District of Texas than his or her own place of residency (if even that), and then expect this Court to sanction the choice of venue. While the Court is always deeply flattered when a litigant chooses to file suit here, and does its best to meet the needs of all who seek succor here, it is also keenly aware of both the letter and the spirit of the laws governing venue in civil actions. This, and similar suits, with no more connection to this Division than the mere residence of the Plaintiff, simply cannot and generally will not, absent genuinely compelling circumstances not here present, be allowed to remain here. This Court is deeply touched by the frequent harshness of the human experience. But, federal courts are not social organs and *both* sides must be treated fairly in any venue analysis. For this reason, the Court hereby sua sponte **TRANSFERS** this case to the Southern District of Ohio, Western Division, pursuant to 28 U.S.C. § 1404, to serve the interests of justice and for the convenience of witnesses and parties. Any unresolved Motions are respectfully deferred to the transferee court. Each Party is to bear its own costs in the matter incurred herein to date.

**IT IS SO ORDERED.**